UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAENISHA BUCKHANNON, et al.,

        Plaintiffs                          Case No. 20-11160

v.

                                    HON. MARK A. GOLDSMITH

WAYNE COUNTY, et al.,

        Defendants.

_____/

**OPINION & ORDER**
**(1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 19) AS**
**TO THE FEDERAL CLAIMS AGAINST IT AND (2) DISMISSING WITHOUT**
**PREJUDICE PLAINTIFFS' STATE-LAW CLAIMS**

Before the Court is Defendant Wayne County's motion for summary judgment (Dkt. 19). For

the reasons that follow, the Court grants Wayne County's motion for summary judgment as to

Plaintiffs' federal claims and dismisses without prejudice Plaintiffs' state-law claims.[1]

**I.  BACKGROUND**

Plaintiffs Daenisha Buckhannon, Dominique White, Brenda Herron, Kristina Jordan, Latoya

Armstrong, and Markia Pitts initially brought this action against Wayne County, Wayne County

Deputy Sheriff Derrick Johnson,[2] and Otis Elevator Co. Compl. (Dkt. 1).  They alleged violations

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). There is no briefing before the Court other than Wayne County's motion for summary judgment—Plaintiffs never filed a response. As a result, Wayne County's statements of fact are treated as uncontested.

[2] "Derrick Johnson" appears to have been a misspelling of "Darik Johnson." Wayne County has consistently referred to this individual as "Darik Johnson." Compare Compl. (naming Derrick Johnson as a Defendant) to Def. Wayne Cnty. Notice of Death of Def. Darik Johnson (Dkt. 6) and Def. Mot. for Summary J. (both referring to "Darik Johnson").

of the Fourth, Fifth, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, and asserted claims of gross negligence and ordinary negligence, arising from an incident in which Johnson directed too many incarcerated people into an elevator in the Wayne County Jail, exceeding the elevator's weight limit. Id. Plaintiffs alleged that the elevator jolted downward and ultimately plummeted to below the basement floor, trapping plaintiffs and others inside with no ventilation or light. Id. at ¶¶ 19–20, 22–23. The claims against Otis Elevator Co. and Johnson have since been dismissed.[3] Stip. Order Dismissing Def. Otis Elevator (Dkt. 8); Stip. of Dismissal of Derrick Johnson (Dkt. 10); 3/31/21 Text-Only Order Granting Stip. of Dismissal of Derrick Johnson. Wayne County is, therefore, the only remaining Defendant.

The incident occurred in August 2019, when Johnson directed approximately 28 incarcerated women, including the Plaintiffs, into a jail elevator, thereby exceeding that elevator's recommended capacity by at least four people and exceeding the elevator's weight capacity by nearly 1,000 pounds. Def. Mot. for Summary J. at 1. In so doing, Johnson violated multiple policies of the jail and the Wayne County Sheriff's Office, including Policy 5.75 "Neglect of Duty" and Policy 5.110 "Unsatisfactory Performances," as well as Recreation Division I, Policy 11.3(J)(3), which prohibits officers from exceeding a ratio of eight incarcerated people to one officer when officers "transport[] inmates on the elevator." Id.

At about 2:20 p.m. on the day of the incident, certain staff known as "Master Control" were notified that people were stuck inside the elevator, and Master Control immediately contacted Kone Elevator Company to get an elevator mechanic to come to the jail and release those trapped

---

[3] Otis Elevator Co. was not in fact the manufacturer of the relevant elevator and, therefore, not a proper party. Def. Mot. for Summary J. at 3 n.1. Johnson was dismissed by stipulation of the parties after he passed away. Def. Mot. for Summary J. at 3; see Def. Wayne Cnty. Notice of Death of Def. Darik Johnson.

inside.  Id. at 2.  At about 3:20 p.m. that day, a mechanic opened the elevator doors, and those

inside were evacuated, given bottled water, and taken to receive medical evaluations.  Id. at 2.

Incarcerated people who needed further medical care were taken to Detroit Receiving Hospital

Emergency Room, while those who were cleared by medical personnel went back to their housing

units.  Id.  Plaintiffs here were all eventually cleared by medical personnel.  Id.

An Internal Affairs investigation resulted in a recommendation that Johnson be disciplined,

but he never returned to employment with Wayne County.  Id. at 3.

## II. ANALYSIS[4]

### 1.  42 U.S.C. § 1983 Municipal Liability Claims

Plaintiffs have alleged violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments

pursuant to 42 U.S.C. §1983.  Compl.  Wayne County argues that it is entitled to summary

judgment on the § 1983 claims because Plaintiffs cannot establish municipal liability, and because

the August 2019 elevator incident did not amount to a constitutional violation.

Title 42 of U.S.C. § 1983 provides that any person who, under color of state law, "subjects, or

causes to be subjected," any person within the United States "to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws," will be civilly liable to the injured

party.  42 U.S.C. § 1983.  Municipalities are persons for purposes of § 1983.  Monell v. New York

City Dep't of Social Services, 436 U.S. 658, 701 (1978).

---

[4] In assessing whether Wayne County is entitled to summary judgment, the Court applies the
traditional summary judgment standard as articulated in Scott v. Harris, 550 U.S. 372, 380 (2007).
The movant is entitled to summary judgment if that party shows that there is no genuine dispute
as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ.
P. 56(a).  If the movant makes an initial showing that there is an absence of evidence to support
the nonmoving party's case, the nonmovant can survive summary judgment only by coming
forward with evidence showing there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477
U.S. 317, 324–325 (1986).

To establish a municipal liability claim under 42 U.S.C. § 1983, a plaintiff must prove that there was a municipal custom, policy, or practice which led to the violation of the plaintiff's constitutional rights.  Id. at 690–691.  "[M]unicipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances," but only where "the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 480–81 (1986).  Municipalities cannot be held liable for constitutional violations on a theory of respondeat superior.   Monell, 436 U.S. at 691.

There is no evidence here that Johnson acted pursuant to a municipal custom or policy, nor any evidence that he was a municipal policymaker within the meaning of Pembaur.  Plaintiffs allege that Johnson overloaded the elevator, chose not to activate the emergency button inside the elevator, and prevented Plaintiffs from activating the emergency button in the elevator.  Compl. ¶¶ 23–28.  Plaintiffs also allege that Wayne County employees failed to contact the fire department. Id. ¶ 30.  However, they have produced no evidence that any of these actions was taken in conformity with a municipal policy.

By contrast, as set forth above, Wayne County has presented evidence that Johnson acted in violation of multiple jail policies.  After Wayne County made its initial showing that there is an absence of evidence to support Plaintiffs' case, Plaintiffs were required to come forward with evidence demonstrating a genuine issue for trial.  See Celotex Corp., 477 U.S. at 324–325.  They have failed to do so.  In fact, they filed no response at all to the motion.

Plaintiffs' 42 U.S.C. § 1983 claims against Wayne County, therefore, fail as a matter of law.

**2. State-Law Claims**

Because the Court grants Wayne County's motion as to the federal claims, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over the remaining state-law

claims by dismissing them without prejudice. 28 U.S.C. § 1367(c)(3); <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726–727 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

### III. CONCLUSION

For the reasons stated above, the Court grants Defendant Wayne County's motion for summary judgment (Dkt. 19) as to Plaintiffs' 42 U.S.C. § 1983 claims and dismisses without prejudice the remaining state-law claims.

SO ORDERED.

Dated: August 26, 2022
      Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge